IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Linda Pullin,                          :
                    Petitioner         :
                                       :
            v.                         :    No. 727 C.D. 2021
                                       :    Submitted: January 21, 2022
School District of Philadelphia        :
(Workers' Compensation Appeal          :
Board),                                :
                    Respondent         :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                    FILED: February 25, 2022

        Linda Pullin (Claimant) has petitioned this Court to review an adjudication of the Workers' Compensation Appeal Board (Board), reinstating Claimant's total disability benefits as of April 17, 2016, the date on which she petitioned for reinstatement. On appeal, Claimant asserts that she is entitled to reinstatement as of August 5, 2011, the date on which her disability status was modified from total to partial based on an impairment rating evaluation (IRE) process deemed unconstitutional. Pursuant to *White v. Workers' Compensation Appeal Board (City of Philadelphia)*, 237 A.3d 1225 (Pa. Cmwlth. 2020) (*en banc*), *appeal denied*, 244 A.3d 1230 (Pa. 2021), we affirm.

        The underlying facts are not in dispute. On March 15, 2006, Claimant suffered a work-related injury while employed by the School District of Philadelphia (Employer). Employer began paying total disability benefits and disfigurement benefits to Claimant. Thereafter, Claimant underwent an IRE that resulted in an

impairment rating of 44%. Because Claimant's IRE was less than 50%, a Workers' Compensation Judge (WCJ) approved a Stipulation of Facts executed by the parties that modified Claimant's disability status from total to partial, effective August 5, 2011.[1] Claimant did not appeal this Decision.

On October 7, 2015, this Court determined that Section 306(a.2) of the Act was an unconstitutional delegation of legislative authority because it proactively approved versions of the American Medical Association's (AMA) Guides to the Evaluation of Permanent Impairment (Guides) without review. *Protz v. Workers' Comp. Appeal Bd. (Derry Area Sch. Dist.)*, 124 A.3d 406, 416 (Pa. Cmwlth. 2015) (*Protz I*), *aff'd in part and rev'd in part*, 161 A.3d 827, 841 (Pa. 2017) (*Protz II*). Rather than striking Section 306(a.2) in its entirety, we remanded the matter to the Board with instructions that any IRE must adhere to the Fourth Edition of the Guides, which was in effect at the time the General Assembly enacted Section 306(a.2). *Id.*

On April 17, 2016, before her partial disability benefits expired, Claimant petitioned to modify and/or reinstate her total disability status, challenging her IRE rating based on this Court's decision in *Protz I*. While her challenge was under review, the Supreme Court struck Section 306(a.2) in its entirety, thus eliminating the IRE process. *Protz II*, 161 A.3d at 841.

On April 5, 2018, the WCJ reinstated Claimant's total disability benefits as of June 20, 2017, the date on which the Supreme Court issued *Protz II*.

---

[1] Under Section 306(a.2)(2) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of June 24, 1996, P.L. 350, 77 P.S. § 511.2 (held unconstitutional in *Protz II*), a claimant with an impairment rating equal to or greater than 50% was presumed to be totally disabled, whereas a claimant with an impairment rating less than 50% was considered partially disabled. 77 P.S. § 511.2(2). A change in disability status does not alter the amount of compensation received by a claimant but limits the receipt of benefits to 500 weeks. *See* 77 P.S. § 512(1).

Both parties appealed to the Board, which remanded the matter to the WCJ to consider still more recent changes to the relevant law.[2] On September 18, 2020, following an extended review, the WCJ reinstated Claimant's total disability benefits as of April 17, 2016. Claimant appealed to the Board, which affirmed; Claimant then petitioned for this Court's review.

On appeal,[3] Claimant contends that she is entitled to reinstatement of her total disability benefits retroactive to August 5, 2011, the date on which her benefits were modified pursuant to a statute deemed unconstitutional. Acknowledging that this Court has declined to do so in similar cases, *see* Claimant's Br. at 12, Claimant nonetheless suggests that her appeal presents an "opportunity to rectify this injustice." *Id.* at 13.

Our prior decision in *White* controls the outcome of this case. In that case, a claimant was injured in the course of her employment with the City of Philadelphia (City). *White*, 237 A.3d at 1226. The claimant underwent an IRE, which resulted in an impairment rating of 36%. *Id.* at 1227. Based on this result, the City petitioned to modify the claimant's disability status from total to partial. *Id.* A WCJ granted the City's petition, and the claimant did not appeal the modification

---

[2] The Board referenced our decision in *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018) (*en banc*) (permitting a claimant to petition for reinstatement of total disability benefits provided (1) claimant remains disabled and (2) claimant seeks reinstatement within three years from the date of her last payment of compensation), and Act 111, Act of October 24, 2018, P.L. 714, No. 111, which reestablished the IRE process. *See* Board Op., 3/4/19, at 2-3.

[3] The scope of our review is limited to determining "whether there has been a violation of constitutional rights, whether errors of law have been committed, whether board procedures were violated, or whether necessary findings of fact are supported by substantial evidence." *Bryn Mawr Landscaping Co. v. Workers' Comp. Appeal Bd. (Cruz-Tenorio)*, 219 A.3d 1244, 1252 n.5 (Pa. Cmwlth. 2019) (citation omitted).

of her disability status, nor was she actively litigating her status when the IRE process was deemed unconstitutional. *Id.* Rather, the claimant first challenged the validity of an IRE after the *Protz I* and *Protz II* decisions. *Id.* Under these circumstances, this Court determined that the claimant was only entitled to reinstatement of total disability benefits as of the date she filed her reinstatement petition. *Id.* at 1231.

We have consistently applied *White* under similar circumstances. *See, e.g.*, *Hutchinson v. Annville Twp. (Workers' Comp. Appeal Bd.)*, 260 A.3d 360 (Pa. Cmwlth. 2021); *Marcellini v. Sathers, Inc. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1014 C.D. 2020, filed Sept. 13, 2021) (unreported); *Ruggiero v. Commonwealth (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 934 C.D. 2020, filed May 12, 2021) (unreported).[4] Indeed, "we are bound to follow the decisions of our Court unless overruled by the Supreme Court or where other compelling reasons can be demonstrated." *Crocker v. Workers' Comp. Appeal Bd. (Ga. Pac. LLC)*, 225 A.3d 1201, 1210 (Pa. Cmwlth. 2020). We discern no compelling reason to depart from our holding in *White* in this case.[5]

---

[4] We cite *Marcellini* and *Ruggiero* for their persuasive value in accordance with Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

[5] Considering the binding precedent that controls the outcome of this case, we need not address in detail the arguments Claimant asserts in favor of disregarding *White* and its progeny. Nevertheless, we note that each argument has been addressed previously by this Court, or our Supreme Court. Therefore, Claimant's assertions do not present compelling reasons to depart from *White*.

For example, Claimant asserts that we should give "full retroactivity" to the Supreme Court's decision in *Protz II* and hold, accordingly, that the IRE process used to modify her disability status is void *ab initio*. *See* Claimant's Br. at 9-15, 17-29. In *Dana Holding Corp. v. Workers' Compensation Appeal Board (Smuck)*, 232 A.3d 629 (Pa. 2020), our Supreme Court declined to do so following a robust analysis of the retroactive force of its holding in *Protz II*. The Court concluded, rather, that the general rule of retroactivity should prevail and applied *Protz II* in

4

Here, Claimant did not appeal the WCJ Decision in 2011, which relied upon an IRE to modify her disability status from total to partial. Rather, Claimant waited until after *Protz I* was decided before seeking reinstatement of total disability benefits. Pursuant to *White*, Claimant is entitled to reinstatement as of the date on which she petitioned for reinstatement, April 17, 2016. Accordingly, we affirm the Board's adjudication.

LORI A. DUMAS, Judge

---

that case because it was pending on appeal at the time of the *Protz II* decision. 232 A.3d at 634-49; *see also Weidenhammer v. Workers' Comp. Appeal Bd. (Albright Coll.)*, 232 A.3d 986, 989-95 (Pa. Cmwlth.) (similarly holding that "the ruling in *Protz II* was not intended to be given a fully retroactive effect"), *appeal denied*, 242 A.3d 912 (Pa. 2020).

Claimant also asserts that the Board's adjudication has deprived her of a vested right to her disability benefits and, therefore, violates article I, section 2 of the Pennsylvania Constitution, also known as the Remedies Clause. *See* Claimant's Br. at 15-17, 29-31. In at least two unreported decisions, we have held that a claimant does not have a vested right in workers' compensation benefits. *Marcellini*; *Perillo v. Workers' Comp. Appeal Bd. (Extended Healthcare Servs., Inc.)* (Pa. Cmwlth., No. 649 C.D. 2020, filed Mar. 3, 2021), *appeal denied*, 263 A.3d 243 (Pa. 2021).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Linda Pullin,                           :
                    Petitioner          :
                                        :
            v.                          :    No. 727 C.D. 2021
                                        :
School District of Philadelphia         :
(Workers' Compensation Appeal           :
Board),                                 :
                    Respondent          :

# **O R D E R**

AND NOW, this 25th day of February, 2022, the Order of the Workers'
Compensation Appeal Board, dated June 2, 2021, in the above-captioned matter is
AFFIRMED.

_____
LORI A. DUMAS, Judge